IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-214-D
No. 5:14-CV-802-D

| | | |
|---|---|---|
| JOSE ISRAEL GOMEZ-ORTIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On November 11, 2014, Jose Israel Gomez-Ortiz ("Gomez-Ortiz") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 84-month sentence [D.E. 42]. On February 10, 2015, the government moved to dismiss Gomez-Ortiz's section 2255 motion [D.E. 46]. On February 10, 2015, the court notified Gomez-Ortiz of the government's motion, his right to respond, and the consequences of failing to do so [D.E. 48]. See Roseboro v. Garrison, 528 F.3d 309, 310 (4th Cir. 1975) (per curiam). Gomez-Ortiz did not respond. As explained below, the court grants the government's motion to dismiss.

I.

On September 6, 2012, Gomez-Ortiz pleaded guilty to illegal reentry into the United States by an alien who sustained an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). See [D.E. 24]. On December 13, 2012, at Gomez-Ortiz's sentencing hearing, the court calculated Gomez-Ortiz's advisory guideline range to be 70 to 87 months' imprisonment. See Sentencing Tr. [D.E. 36] 6. After considering the arguments of counsel, the record, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Gomez-Ortiz to 84 months' imprisonment. See id. 6–16. Gomez-Ortiz appealed and on July 2, 2013, the United States Court of Appeals for the

Fourth Circuit affirmed the judgment. See United States v. Gomez-Ortiz, 531 F. App'x 376, 377 (4th Cir. 2013) (per curiam) (unpublished). On November 12, 2013, the Supreme Court of the United States denied certiorari. See Gomez-Ortiz v. United States, 134 S. Ct. 629 (2013).

On November 12, 2014, Gomez-Ortiz filed his section 2255 motion [D.E. 42]. Gomez-Ortiz makes three claims. First, he claims that his counsel was constitutionally ineffective when she predicted that his sentence would be 51 months if he pleaded guilty and 71 months if he was convicted at trial. Second, he claims that his counsel was ineffective when she failed to challenge his criminal history category. Third, he claims that his sentence was substantively unreasonable. See [D.E. 42] 4–7.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b);

2

see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of

3

reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective assistance of counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

First, the Rule 11 transcript belies Gomez-Ortiz's claim that his counsel was constitutionally ineffective for predicting that his sentence would be 51 months if he pleaded guilty and 71 months if he was convicted at trial. At Gomez-Ortiz's Rule 11 hearing, Gomez-Ortiz stated under oath that he had consulted with his counsel about the charge to which he was pleading guilty, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. [D.E. 38] 5–16, 19–20, 23–26. Gomez-Ortiz also stated that he understood the charge to which he was pleading guilty and understood the maximum penalties provided for that charge, including a possible 240-month sentence. See id. 21–24. Gomez-Ortiz also acknowledged that he understood the sentencing process, that he understood that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, and that he understood that the court could sentence him up to the statutory maximum of 240 months' imprisonment. See id. 24–28. Gomez-Ortiz then pleaded guilty to the charge and admitted committing the offense. See id. 28. The government then provided a factual basis for the guilty plea. See id. 28–30.

4

Even if Gomez-Ortiz's counsel made the sentencing predictions that he now alleges, the court's statements to Gomez-Ortiz about the sentencing process and Gomez-Ortiz's sworn statements at his Rule 11 hearing belie any prejudice arising from the alleged predictions. See, e.g., United States v. Akinsade, 686 F.3d 248, 255 (4th Cir. 2012); United States v. Shedrick, 493 F.3d 292, 299–300 (3d Cir. 2007). Furthermore, the court may rely on Gomez-Ortiz's sworn admissions during his Rule 11 hearing. See Blackledge, 431 U.S. at 73–74; United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, the court rejects Gomez-Ortiz's first claim.

As for Gomez-Ortiz's claim that his attorney provided ineffective assistance of counsel by failing to object to his criminal history points at sentencing, the claim fails. Gomez-Ortiz has failed to plausibly allege either deficient performance or prejudice. As for performance, Gomez-Ortiz has not plausibly alleged that his criminal history score was incorrect or that the prior-felony enhancement should not have applied. Cf. PSR [D.E. 27] ¶¶ 6–15, 44, 46; Sentencing Tr. 5–6. Gomez-Ortiz's attorney's decision to not object is a tactical one entitled to deference. See Strickland, 466 U.S. at 689; see also Knowles v. Mirzayance, 556 U.S. 111, 127 (2009); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009); Guarascio v. United States, 996 F. Supp. 2d 406, 412 (E.D.N.C.), appeal dismissed, 583 F. App'x 288 (4th Cir. 2014) (per curiam) (unpublished). Here, Gomez-Ortiz's attorney decided not to make a baseless objection in order to advocate for a lower sentence and avoid jeopardizing a loss of acceptance of responsibility. Alternatively, Gomez-Ortiz has not plausibly alleged prejudice. See, e.g., Strickland, 466 U.S. at 691–96. Accordingly, the court rejects Gomez-Ortiz's second claim.

Finally, Gomez-Ortiz challenges his sentence as substantively unreasonable. Gomez-Ortiz, however, raised this issue on direct appeal and lost. See Gomez-Ortiz, 531 F. App'x at 377. Absent any change in the law, Gomez-Ortiz cannot use section 2255 to recharacterize and relitigate a claim

5

that the Fourth Circuit rejected on direct appeal. See, e.g., United States v. Frady, 456 U.S. 152, 164–65 (1982); United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 296 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 532 F.3d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claim fails.

After reviewing the claims presented in Gomez-Ortiz's motion, the court determines that reasonable jurists would not find the court's treatment of any of Gomez-Ortiz's claims decided in this order debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 46], DISMISSES all the claims in Gomez-Ortiz's section 2255 motion [D.E. 42], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 20 day of April 2015.

JAMES C. DEVER III
Chief United States District Judge